FILED

2025 Sep-29  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LECRESHA RENAE HOUSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-00503-SGC |
| | ) | |
| SEAN B. O'NEIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

This is an action brought against Sean B. O'Neil, Tracy Anne Pangillinan, Brett Seybold, and Patrick M. Marshall (collectively, "the defendants") by Lecresha Renae Houser ("the plaintiff"), proceeding *pro se*.[2] The action arises from a dispute regarding the plaintiff's home mortgage. Pending before the court are three motions: (1) the plaintiff's motion seeking default judgments against the defendants, (2) the defendants' motion to dismiss for insufficient service of process under Rule 12(b)(4) of the *Federal Rules of Civil Procedure* or lack of personal jurisdiction under Rule 12(b)(2) of those rules, and (3) the defendants' motion to strike the plaintiff's amendment to her original pleading on the ground it is not proper under Rule 15(a)

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 16).

[2] The court adopts the spellings of the defendants' names employed by the plaintiff in her original pleading.  (Doc. 1 at 2).

of the *Federal Rules of Civil Procedure*.  (Docs. 10, 11, 23).[3]  For the reasons stated

below, the court will deny the first and third motions.  The court will grant the second

motion on the basis of the defendants' personal jurisdiction argument and dismiss

all claims against the defendants without prejudice.

## I.    Procedural History

The plaintiff commenced this action by filing a civil complaint form on April

22, 2024, and thereafter paying the $405.00 filing and administrative fees.  (Doc. 1).

The court entered an order on September 16, 2024, directing the plaintiff to show

cause why the action should not be dismissed under Rule 4(m) of the *Federal Rules

of Civil Procedure* for failure to serve the defendants within 90 days of April 22,

2024.  (Doc. 9).  In response, the plaintiff filed a motion seeking default judgments

against the defendants on September 17, 2024, attached to which are service return

receipts purported to have been executed on behalf of O'Neil, Pangillinan, Seybold,

and Marshall in mid- to late-August 2024.  (Doc. 10).  The defendants then filed a

motion to dismiss on September 30, 2024, arguing the plaintiff failed to effectuate

proper service of process on them and failed to plead factual allegations showing the

court has personal jurisdiction over them.  (Doc. 11).  The parties have fully briefed

the motion to dismiss.  (Docs. 11-15).  Finally, as relevant here, the plaintiff filed an

---

[3] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF
electronic document system and appear in the following format: (Doc. __ at __).

amendment to her original pleading on December 12, 2024. (Doc. 23). As indicated, the defendants have moved to strike the amendment on the ground it is not proper under Rule 15. (Doc. 24).

## II.    Plaintiff's Factual Allegations[4]

The plaintiff lives in Pinson, Alabama. (Doc. 1 at 1). The defendants appear to be officers or employees of one or more mortgage-related entities, including the entity formerly known as PHH Mortgage Services. (Doc. 1 at 2-3).[5] The plaintiff lists addresses for the defendants in Florida, New Jersey, and Delaware. (Doc. 1 at 2). Broadly speaking, the plaintiff alleges PHH Mortgage continues to attempt to collect a debt from her that she does not owe to PHH Mortgage. (*See generally* Docs. 1, 3, 12, 14, 15, 21, 22, 24, 25). The defendants' involvement in this conduct is limited to the plaintiff's allegations O'Neil, Pangilinan, and Marshall failed to close her account with PHH Mortgage and did not return an "International Bill of Exchange" she sent to PHH Mortgage. (Doc. 22 at 1-2). The plaintiff cites a litany of federal statutes and regulations in her submissions to the court that she appears to

---

[4] The court largely has excluded from its recitation of the plaintiff's factual allegations those allegations that are not material to the pending motions. Some immaterial factual allegations are included for context. The court has considered all the plaintiff's submissions to the court in identifying material, factual allegations, including the plaintiff's amendment to her original pleading. (Docs. 1, 3, 12, 14, 15, 21, 22, 24, 25). As noted, the defendants have moved to strike the amendment, and the court will explain below why the motion is not meritorious.

[5] The plaintiff alleges PHH Mortgage now is known as Onity Mortgage. (Doc. 22 at 2). The court adopts the plaintiff's naming convention and refers to the entity as PHH Mortgage.

claim provide causes of action for the defendants' conduct.  (Doc. 1 at 4; Doc. 3 at 3-5; Doc. 12 at 3-5; Doc. 14 at 4-7; Doc. 22 at 2-5).[6]  She alleges she has suffered mental distress as a result of the conduct and requests $15,000,000 in damages. (Doc. 1 at 5; Doc. 22 at 1-2).

## III.    Discussion

### A.    Motion Seeking Default Judgments

A defendant generally must file a responsive pleading within twenty-one days after being served with a summons and complaint.  *See* FED. R. CIV. P. 12.  A defendant who fails to comply with this requirement risks a default judgment.  *See* FED. R. CIV. P. 55.

Rule 55 of the *Federal Rules of Civil Procedure* generally provides a two-step process for a plaintiff to obtain a default judgment against a defendant who has failed to plead or otherwise defend against a claim within the time prescribed by the *Federal Rules of Civil Procedure*.  *Daise v. Washington*, 2022 WL 405404, at *2 (11th Cir. Feb. 10, 2022).  First, the plaintiff must apply to the clerk for an entry of default against the defendant.  *Id.* (citing FED. R. CIV. P. 55(a)).  Second, after the clerk enters the default, the plaintiff must apply to the court for a default judgment against the defendant.  *Id.* (citing FED. R. CIV. P. 55(b)).[7]  A motion for default

---

[6] The court construes the plaintiff's submissions as asserting the existence of a federal question as the basis for federal subject matter jurisdiction.  *See* 28 U.S.C. § 1331.

[7] Proper service of process is a prerequisite to both an entry of default and a default judgment.  A

judgment filed before a plaintiff has applied for or obtained an entry of default from the clerk is subject to denial. *See Dimanche v. Orlando Police Dep't*, 2025 WL 561436, at *5 (11th Cir. Feb. 20, 2025) (holding district court did not abuse its discretion by denying motion for default judgment where clerk had not yet entered default).

There are circumstances where a technical default is not followed by an entry of default or a default judgment. Where a defendant appears in an untimely manner and "indicates a desire to contest an action," an entry of default may be refused, or a motion for default judgment denied, on a discretionary basis. *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D. Minn. 1994) (internal quotation marks omitted) (citing 10 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2682 (2d ed. 1983)); *see also Stevens v. Holder*, 2015 WL 13691280, at *10 (N.D. Ga. July 31, 2015) (exercising discretion to deny motion for entry of default where defendants did not file answer to first amended complaint but filed two summary judgment motions indicating desire to defend against claim asserted in pleading) (citing 10A WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2682 (3rd ed. 2015)), *aff'd sub nom. Stevens v. Osuna*, 877 F.3d 1293 (11th Cir. 2017). Considerations that weigh in favor of denial include a defendant's short delay in appearing to defend against a claim and the absence of

---

defendant on whom effective service of process has not been made has no obligation to defend against a claim, and without an obligation, there can be no default warranting action by the clerk or the court. *ASF Global, LLC v. Soft-Tex Int'l, Inc.*, 2022 WL 2080860, at *1 (S.D. Ala. June 9, 2022) (citing 10 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2682 (3d ed. 1998)).

prejudice to the plaintiff. *See Wendt*, 154 F.R.D. at 231 (denying motion for default judgment where defendant filed answer to complaint twenty-four days late and plaintiffs acknowledged they had not been prejudiced by the "inconsequential . . . short-term delay"); *Stevens*, 2015 WL 13691280, at *10 (noting plaintiff failed to show she had been prejudiced by defendants' failure to answer first amended complaint); *Mitchell v. Nassau Cnty. School Bd.*, 2022 WL 22439925, at *1 (M.D. Fla. Dec. 28, 2022) (holding entry of default would not be warranted because defendants appearance in case was only fourteen days late and plaintiff failed to show prejudice).

The motion pending here is subject to denial because the plaintiff did not apply for or obtain entries of default against the defendants before seeking default judgments against them. Even assuming the plaintiff first had obtained entries of default against the defendants, the pending motion would fare no better. The delay here was short – the plaintiff purports to have served the defendants with process in mid- to late-August 2024, she filed her motion seeking default judgments against the defendants on September 17, 2024, and the defendants appeared and filed their motion to dismiss on September 30, 2024 – and the plaintiff has failed to demonstrate any resulting prejudice.[8]

---

[8] This assumes the plaintiff effected proper service of process on the defendants. The defendants contest the sufficiency of service and, absent proper service of process, there would be no basis for an entry of default or a default judgment and no reason to reach discretionary considerations.

### B.    Motion to Strike

Rule 15(a) permits a party to amend a pleading once as a matter of course within twenty-one days after serving the pleading or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading. FED. R. CIV. P. 15(a)(1). Thereafter, a party must obtain either the opposing party's written consent or leave of court. FED. R. CIV. P. 15(a)(2). The rule instructs that a court "should freely give leave when justice so requires." *Id.* "The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial." *Spanish Broadcasting Sys. of Florida, Inc. v. Clear Channel Comms.,* Inc., 376 F.3d 1065, 1077 (11th Cir. 2004) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). While the grant of leave to amend is within the discretion of a federal district court, " 'unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (citing *Smith v. Duff and Phelps, Inc.*, 5 F.3d 488, 493 (11th Cir. 1993); quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Reasons warranting denial include " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . .'" *Spanish Broadcasting Sys. of Florida*, 376 F.3d

at 1077 (quoting *Forman*, 371 U.S. at 182).

Here, the plaintiff filed the amendment to her original pleading on December 12, 2024, more than twenty-one days after filing the original pleading on April 22, 2024, and more than twenty-one days after the defendants filed their responsive pleading (*i.e.*, their motion to dismiss) on September 30, 2024. Therefore, the amendment is permissible only with the defendants' consent, which the plaintiff does not have, or leave of court.

The court will exercise its discretion to construe the amendment as including a request for leave to amend. *See Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 n.6 (11th Cir. 2017) (holding district court was "well within its discretion" to treat plaintiff's assertion he had a right to amend complaint as motion for leave to file amended complaint). Moreover, the court will grant the request and treat the amendment as a supplement to the original pleading instead of as an independent, superseding pleading. *See, e.g.*, *Harpe v. Lawler*, 2023 WL 2317292, at *2 (N.D. Ga. Mar. 1, 2023) (construing amended pleading filed by *pro se* plaintiff as supplement to earlier-filed pleading instead of as independent, superseding pleading). Finally, the court will treat the defendants' motion to dismiss as directed toward the plaintiff's original pleading *and* the amendment supplementing the original pleading because the alleged defects in the former remain in the latter. *See* 6 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1476 (3d ed. 2025) ("[D]efendants

should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would exalt form over substance.").

The court acknowledges there may be a ground to deny the request as futile. As discussed in the following section, the defendants' motion to dismiss for lack of personal jurisdiction is due to be granted even given full consideration of the amendment. In other words, the alleged defects in the original pleading and the amendment supplementing the original pleading are actual defects. However, the futility of the request also means that allowing amendment will not prejudice the defendants. The defendants obtain the result they seek regardless of whether the court takes the amendment into account when ruling on their motion to dismiss. Moreover, the amendment is helpful to the court insofar as it clarifies to some extent the circumstances giving rise to this action.

### C.    Motion to Dismiss

There are two types of personal jurisdiction: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). General jurisdiction lies in the forum where a defendant is domiciled or "fairly regarded as at home." *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025) (internal

quotation marks omitted).  The plaintiff does not allege, and there is no evidence, any defendant is domiciled in Alabama or fairly regarded as at home in the forum. The plaintiff's identification of addresses in Florida, New Jersey, and Delaware for the defendants suggests the opposite.  Therefore, specific is the only type of personal jurisdiction at issue here.

The plaintiff bears the burden of alleging sufficient facts in her complaint to make out a *prima facie* case of specific jurisdiction over a non-resident defendant. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010).  An Alabama federal district court may exercise specific jurisdiction over a non-resident defendant if (1) there is a statutory basis for exercising such jurisdiction and (2) the exercise satisfies federal constitutional due process requirements.  *Courboin v. Scott*, 596 F. App'x 729, 732 (11th Cir. 2014).  The statutory basis for exercising specific jurisdiction may be a federal statute or the long-arm statute of the state in which a federal court sits.  *Id.*  The plaintiff here cites a litany of federal statutes in her submissions to the court.  (Doc. 1 at 4; Doc. 3 at 3-5; Doc. 12 at 3-5; Doc. 14 at 4-7; Doc. 22 at 2-5).  However, she does not claim any of them provide the statutory basis for exercising specific jurisdiction over the defendants.  Therefore, the statutory basis must be found in Alabama's long-arm statute, codified at Rule 4.2(b) of the *Alabama Rules of Civil Procedure*.  Because that statute permits the exercise of specific personal jurisdiction over a non-resident

defendant "to the fullest extent" permissible under the U.S. Constitution, the two-pronged inquiry set out above collapses into a single question: whether the exercise of specific jurisdiction over the defendants satisfies due process requirements. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).

The exercise of specific jurisdiction satisfies federal due process requirements if (1) a plaintiff's claims arise out of or relate to one of the defendant's contacts with the forum state, (2) the defendant purposefully availed himself of the privileges of conducting activities in the forum state, and (3) the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1229 (11th Cir. 2023) (internal quotation marks omitted). A plaintiff bears the burden of establishing the first two requirements. *Id.* at 1229. If a plaintiff succeeds in making the showing, the burden shifts to the defendant to make a compelling case the exercise of jurisdiction would be improper. *Id.*

There are two tests for determining whether a defendant purposefully availed himself of the privilege of conducting activities in the forum state. The "minimum contacts test" – the traditional test – identifies all the defendant's contacts with the forum state and asks whether, individually or collectively, the contacts (1) are related to the plaintiff's claim, (2) involve an act by which the defendant purposefully availed himself of the privileges of conducting activities in the forum state, and (3)

11

are such that the defendant should reasonably anticipate being haled into court in the forum state. *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1276 (11th Cir. 2022). The "effects test" contemplates that a non-resident defendant's single tortious act may establish purposeful availment. *Id.* The test is met when the tortious act was intentional, aimed at the forum state, and caused harm the defendant should have anticipated would be suffered in the forum state. *Id.*

The plaintiff has failed to make out a *prima facie* case of specific jurisdiction under the minimum contacts test or the effects test, even liberally construing the scattershot factual allegations she has presented to the court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). The plaintiff makes no allegation as to any act undertaken, or omission made, by Seybold. She alleges O'Neil, Pangillinan, and Marshall failed to close her account with PHH Mortgage and did not return an "International Bill of Exchange" she sent to PHH Mortgage. (Doc. 22 at 1-2). In other words, she alleges that when she, from inside Alabama, directed communications outside Alabama to PHH, O'Neil, Pangillinan, and Marshall, also located outside Alabama, did nothing. This falls short of showing O'Neil, Pangillinan, and Marshall purposely availed themselves of the privileges of conducting activities in Alabama, such that they

12

should reasonably anticipate being haled into court in the state. *See, e.g., Casey v. AT&T, Inc.*, 2024 WL 2264227, at *2 (N.D. Fla. Feb. 14, 2024) (holding allegations that defendant, the vice president of a bank, failed to respond to mail directed to her in Texas by plaintiff located in Florida were insufficient to support exercise of specific jurisdiction by Florida federal district court), *report and recommendation adopted*, 2024 WL 2261115 (N.D. Fla. May 17, 2024).  Moreover, while a liberal construction of the plaintiff's submissions suggest she claims to have felt the effects of the defendants' conduct in Alabama, the fact that a plaintiff felt the effects of alleged intentional tortious conduct in the forum state does not allow a court in the forum state to exercise specific jurisdiction over the alleged tortfeasor.  The effects test requires not only that the effects of intentional tortious conduct have been felt in the forum state but also that intentional tortious conduct responsible for the effects have been aimed at the forum state. *See Del Valle*, 56 4th at 1276 (articulating test).[9]

The plaintiff argues the fact that the defendants reside and work in the United States gives this court personal jurisdiction over them.  (Doc. 15 at 1).  Put simply,

---

[9] *See also IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 263 (3d Cir. 1998) ("[T]he mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy [the effects test]. . . . "[T]he plaintiff[] [must] point to other actions that adequately demonstrate[] that the defendants targeted (or "expressly aimed" their conduct at) the forum, and thereby show[] that the forum was the focal point of the tortious activity."); *DocRX, Inc. v. DOX Consulting, LLC*, 738 F. Supp. 2d 1234, 1250 (S.D. Ala. 2010) (citing *IMO Indus.* favorably); *cf. Ex parte Gregory*, 947 So. 2d 385, 394-96 (Ala. 2006) (recognizing "most courts define the [effects] test as requiring something more than mere awareness that one's intentional acts will cause harm in the forum state" and adopting the same requirement); *Ashton v. Florala Mem'l Hosp.*, 2006 WL 2864413, at *10 (M.D. Ala. Oct. 5, 2006) (same).

she is wrong.  As stated, the question is whether the defendants have purposefully availed themselves of the privileges of conducting activities in the forum state, and as discussed, the plaintiff's allegations do not allow the court to answer the question in the affirmative.  Accordingly, the court will grant the defendants' motion to dismiss for lack of personal jurisdiction and dismiss all claims against the defendants without prejudice.  *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999) (instructing district court to dismiss claims as to which personal jurisdiction was lacking without prejudice instead of with prejudice).[10]

## IV.    Conclusion

For the reasons stated above, the court **DENIES** the plaintiff's motion seeking default judgments against the defendants.  (Doc. 10).  The court also **DENIES** the defendants' motion to strike the plaintiff's amendment to her original pleading. (Doc. 23).  The court **GRANTS** the defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and will **DISMISS** all claims against the defendants **WITHOUT PREJUDICE**.   A separate order will be entered.

**DONE** this 29th day of September, 2025.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[10] The court declines to address the defendants' alternative argument for dismissal (*i.e.*, insufficient service of process).